Chi v. Sessions

BIA
Hom, IJ
A087 392 900

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
>
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

DONG JIANG CHI,
> *Petitioner,*

v.                                                     16-90
                                                       NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Cora J. Chang, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Anthony
                         W. Norwood, Senior Litigation

Counsel; Colin J. Tucker, Trial Attorney; Sarah C. Martin, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Dong Jiang Chi, a native and citizen of the People's Republic of China, seeks review of a December 11, 2015 decision of the BIA affirming an April 11, 2014, decision of an Immigration Judge ("IJ") denying Chi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong Jiang Chi,* No. A087 392 900 (B.I.A. Dec. 11, 2015), *aff'g* No. A087 392 900 (Immig. Ct. N.Y.C. Apr. 11, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Accordingly, we address the adverse credibility determination and the agency's conclusion that Chi failed independently to establish a well-founded fear of persecution.

Substantial evidence supports the adverse credibility determination. The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on an applicant's internally inconsistent testimony, discrepancies between an applicant's oral and written statements and between an applicant's statements and other record evidence, as well as an applicant's "demeanor, candor, or responsiveness." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency reasonably relied on Chi's omission of any reference to attending church in China. *Id.* at 166 n.3 (an omission and inconsistency are equivalent for credibility purposes). Chi's application emphasized that he "recently started to attend church activities," and did not mention being a Christian in China, attending church in China, or encountering any difficulty on account of his religion. But on cross examination, Chi testified that he attended an underground church in 2004 and faced problems as a result. Chi argues against finding inconsistency because he never identified what

3

problems he faced. He also argues that he was "confused by the question." But these explanations are not compelling because they do not explain the omission, and Chi's inability to elaborate on the problems he faced, after confirming he understood the question, further undermines his credibility. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner 'must do more than offer a plausible explanation for his inconsistent statements to secure relief; 'he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony.'" (emphasis omitted)(quoting *Zhou Yun Zhang v. INS*, 386 F.3d 66, 76 (2d Cir. 2004))). Given the materiality of this omission to the basis for Chi's asylum claim—his practice of Christianity—this omission alone is substantial evidence. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294-95 (2d Cir. 2006).

The adverse credibility determination is bolstered by both Chi's inconsistent testimony regarding his criminal history and his demeanor. He testified that he was arrested three times; but on cross examination he admitted an additional arrest in 2013 while denying several other arrests reflected in his criminal records, claiming that someone had stolen his wallet and identification around this time. The IJ was not required

4

to credit the explanation given the lack of evidence of the theft and Chi's omission of the other arrest. *Majidi*, 430 F.3d at 80.

The agency reasonably relied on Chi's problematic demeanor, noting multiple long pauses when Chi was asked for details of his claim, his difficulty answering questions on cross examination, and his vague or incomplete answers. We give particular deference to the IJ's demeanor finding, *see id.* at 81 n.1, and the record supports this finding. For example, when Chi was asked to describe the problems he faced for attending an underground church in China, he was initially nonresponsive and when pressed by the IJ was unable to provide any detail, eventually answering that he did not know.

Given the foregoing omission, inconsistencies in the evidence, and lack of responsiveness and detail, the totality of the circumstances supports the agency's adverse credibility ruling. *Xiu Xia Lin*, 534 F.3d at 167. Because Chi's claims for relief were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Alternatively, we find no error in the agency's determination that Chi did not state an objectively reasonable fear of future persecution. 8 C.F.R. § 1208.13(b)(2)(iii); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). First, Chi did not show that he would be singled out for persecution, especially given his testimony that he had not attended church for the past year. 8 C.F.R. § 1208.13(b)(2)(iii). And he did not provide evidence of a pattern of persecution of Christians in his home province. *Cf. Jian Hui Shao v. Mukasey*, 546 F.3d 138, 159-62, 174 (2d Cir. 2008).

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6